**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NURANDERS DELATORRE,

Plaintiff,

v.

ASHER, *et al.*,

Defendants.

Case No. 5:25-cv-03136-JLS-ACCV

**ORDER DISMISSING COMPLAINT**

## I. BACKGROUND

On November 17, 2025, Plaintiff Nuranders Delatorre ("Plaintiff"), proceeding *pro se*, filed a Complaint, under 42 U.S.C. § 1983, against Defendants Asher, Dr. Woldermariam Gebralassie (named "Dr. G" in the Complaint), Brittany Fritsch (named "Brittany" in the Complaint), Nick, and Mike (collectively, "Defendants"). (Dkt. 1.) Defendants were served on March 13, 2026. (Dkts. 14–18.) On March 25, 2026, Defendants Brittany Fritsch and Dr. Woldermariam Gebralassie ("Moving Defendants") filed a Motion to Dismiss Complaint. (Dkt. 10.) On March 30, 2026, the Court issued an Order Setting Briefing Schedule on Defendants' Motion to Dismiss ("MTD Scheduling Order") and, in pertinent part, ordered that "Plaintiff's opposition, or notice of non-opposition, to the motion must

be served and filed on or before April 10, 2026." (Dkt. 12 at 1.) Plaintiff did not file an opposition or notice of non-opposition by the deadline, and the Court issued an Order to Show Cause on April 20, 2026. (Dkt. 13 at 1.) The Court ordered that "on or before May 1, 2026, Plaintiff is ORDERED to do one of the following: (a) advise the Court that Plaintiff does not wish to pursue this action; (b) show good cause in writing why opposition to the MTD was not timely filed and why the Court should not recommend dismissal of Moving Defendants for failure to prosecute and failure to comply with the Court's prior Order; or (c) file an opposition, or notice of non-opposition to the MTD." (Dkt. 13 at 1.) The Court also warned Plaintiff that failure to respond to the order "may be deemed a further violation of a Court order warranting granting of the MTD and may also be considered additional evidence of a lack of prosecution on Plaintiff's part." (*Id.* at 2.) Plaintiff did not show cause by the deadline.

As of the date of this Order, Plaintiff has not responded to Moving Defendants' Motion to Dismiss, has not responded to the Court's April 20, 2026 Order, and has not otherwise contacted the Court.

## II. DISCUSSION

District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.").

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61.

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. Plaintiff has not filed a response to the Court's March 30, 2026 or April 20, 2026 orders, and has not requested an extension of time to do so. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. (*See* Dkts. 12 at 1; 13 at 1–2.) Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff

has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, *see W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal. (*See* Dkts. 12 at 1; 13 at 1–2.)

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has failed to respond to Court orders, the Court **DISMISSES** this case, without prejudice.

## III. ORDER

Based on the foregoing, **IT IS ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: August 9, 2026

HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

ANGELA C. C. VIRAMONTES
United States Magistrate District Judge